**QUINN E. KURANZ** OSB No. 114375
quinn@kuranzlaw.com
The Office of Q.E. Kuranz, Attorney at Law, LLC
735 SW FIRST AVE., Suite 300
Portland, OR 97204
Telephone: 503-914-3930
Fax: 503-200-1289
**ATTORNEY FOR PLAINTIFF**

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| **DUSTY DOETSCH** <br><br> Plaintiffs, <br><br> v. <br><br> **CARLTON PACKING COMPANY** <br><br> Defendants. | CASE NO.: 3:21-CV-01892 <br><br> COMPLAINT FOR COLLECTIVE ACTION; CLASS ACTION; INDIVIDUAL CLAIMS; FAILURE TO PAY WAGES; FAILURE TO PAY OVERTIME; PENALTIES; LIQUIDATED DAMAGES-ORS 653.055; ORS 652.150; 29 USC §§ 207, 216 <br><br> JURY DEMAND |

Plaintiff alleges:

**I.  JURISDICTION AND VENUE**

1. Plaintiff Dusty Doetsch lives in the state of Oregon.

2. Defendant CARLTON PACKING COMPANY ("herein referred to as "Carlton Farms"). is a domestic business corporation. It sustains business in Yamhill and Multnomah County, Oregon.

3. This court has subject matter jurisdiction because the claims alleged herein arise under the Fair Labor Standards Act (FLSA). 28 USC § 1331.

Page 1   COMPLAINT – FAILURE TO PAY WAGES; FAILURE TO PAY OVERTIME

4. This court has subject matter jurisdiction over plaintiffs' state law wage claims because plaintiffs' state law wage claims arise from the same set of facts as plaintiffs' FLSA claims. 28 USC § 1337.

5. Plaintiffs' claims arose primarily in Yamhill County, Oregon. Venue in the Portland Division is appropriate.

## II. COMMON FACTS—HARVEST FLOOR AND PRODUCTION FLOOR

6. Carlton Farms operates a slaughterhouse in Yamhill County, Oregon where they harvest and slaughter pigs and cattle on what is referred to as the Harvest Floor.

7. Once animals are processed on the Harvest Floor, the animal carcasses are then moved to the production floor for further processing.

8. Carlton Farms may have 30 employees or more working on the harvest floor and production floor on any given day.

9. Carlton Farms harvest and production floors typically operate Monday to Friday, starting early in the morning and continuing until all the animals are processed.

10. Carlton Farms harvest floor and production floor employees have a heavy turn-over, so new employees are routinely being hired and brought into work.

11. Carlton Farms is a subject employer to the Fair Labor Standards Act in that it uses instrumentalities of interstate commerce and processes cattle and pigs for transport in interstate commerce.

12. Carlton Farms is also subject to the Fair Labor Standards Act under Enterprise Coverage as defendants gross more than $500,000 per year and employ at least two subject employees.

13. During at least some of the subject claims period, Carlton Farms used an electronic time keeping system to track the hours that havest employees and production employees worked.

14. Carlton Farms required employees to clock out for their regular rest periods.

15. Carlton Farms did not count this time spent clocked out for rest periods as compensable time and therefore did not pay employees all hours worked.

16. The failure to count and pay these rest periods also caused an underpayment or non-payment of employees' overtime wages.

17. Carlton Farms did not require or permit employees to be completely relieved of all duties for at least 30 minutes for meal breaks.

18. As employees were not completely relieved of all duties for at least 30 minutes for meal breaks, the entire meal break is compensable.

19. Carlton Farms failure to pay employees for meal breaks when less than 30 minutes of time was taken for meal breaks resulted in non-payment of regular wages and non-payment of overtime wages for hours worked in excess of 40 hours per week.

20. Carlton Farms has and had a legal obligation to keep, make, and maintain, records sufficient to demonstrate the actual hours that employees worked each week.

21. The employees that worked on the harvest floor and production floor were not exempt from the payment of overtime, but Carlton Farms did not pay these employees all wages due or at a rate of 1.5 times their regular rate for all hours worked in excess of 40 hours per week.

22. Harvest Floor and Production Floor employees seek equitable tolling to apply to all claims on behalf of all subject employees, dating back to at least April 2014.

23. During employment, Carlton Farms willfully failed to pay employees regular wages due and 1.5 times their regular rate for hours worked in excess of 40 hours per week.

24. Carlton Farms is required to be in possession, custody, and control of employee time records, as well as records identify the amounts paid for regular pay and hours worked in excess of 40 hours per week.

25. Harvest Floor Workers and Production Floor Workers are entitled to recover regular compensation for unpaid regular wages, unpaid overtime wages, and liquidated damages equal to the amounts of unpaid overtime wages paid late as well as the amount of unpaid overtime, and costs, disbursements, and attorney fees. ORS 653.055; ORS 652.200; 29 USC §§ 207, 216.

### III. PLAINTIFFS SEEK TO REPRESENT ALL EMPLOYEES COLLECTIVELY UNDER THE FLSA AND AS A CLASS FOR STATE PENALTIES

26. Plaintiff as individuals, as well as on behalf of the collective group of Harvest Floor employees and Production employees seeks to represent all similarly situated employees of defendants in their FLSA claims, and incorporate allegations made herein.

27. Plaintiffs seek to represent all Harvest Floor and Production Floor employees because they were all exposed to the same pattern and practice of not being paid regular wages for rest breaks, full wages for incomplete lunch periods, which resulted in non-payment of wages at 1.5 times the regular rate of pay for all hours worked in excess of 40 hours per week.

28. Carlton Farms is covered under the FLSA.

29. Plaintiff and other employees were paid hourly and not exempt from payment of overtime wages.

30. Plaintiff as an individual, as well as on behalf of the collective group of Harvest and Production employees he seeks to represent are entitled to be paid overtime compensation at the overtime rate for all overtime hours worked as well as liquidated damages equal to the amount of unpaid overtime and liquidated damages equal to the amount of untimely paid overtime.

31. At all material times, Carlton Farms had a practice of not properly paying hourly employees regular wages or overtime hours worked.

32. As a result of Carlton Farms' failure to compensate its employees at a rate of 1.5 times the regular rate of pay for worked performed in excess of forty hours per work week, Carlton Farms violated the FLSA, 29 U.S.C. § 201 et seq., and Oregon Law including 29 U.S.C. § 207(a)(1) and § 215(a), and ORS 653.055.

33. Carlton Farms' conduct as alleged herein constitutes a willful violation of the FLSA and Oregon Law within the meaning of 29 U.S.C. § 255(a) and ORS 652.150.

34. Plaintiff as an individual, as well as on behalf of the collective group of Harvest and Production employees are entitled to damages in the amount of their respective unpaid wages and overtime compensation, plus liquidated damages as provided by the FLSA, 29 U.S.C. §216(b) and such other legal and equitable relief as the Court deems just and proper.

35. Plaintiff as an individual, as well as on behalf of the collective group of employees are entitled to recovery of attorneys' fees and costs associated with this case under 29 U.S.C. §216(b); ORS 652.200; ORS 653.055.

36. Plaintiff as individual, as well as on behalf of the collective group of employees is entitled to recover a state law penalty equal to 240 hours at the employee's regular rate of pay for defendants' willful failure to pay overtime wages and a separate penalty where those employees have unpaid regular wages and have separated from employment going back to April 1, 2018.

## IV. PLAINTIFF MAY SEEK TO PURSUE HIS CLAIM AS AN INDIVIDUAL

37. Plaintiff seeks to represent himself and a collective and class of Harvest Floor and Production Floor employees who were similarly situated in their claims for unpaid wages, unpaid overtime, liquidated damages, and state penalties for failure to pay wages due at termination, failure to pay overtime, and costs, disbursements, and attorney fees. In the event a collective or class action is not certified, approved, or pursued, plaintiff seeks to pursue his own wage claims as alleged. Plaintiff incorporates allegations herein.

**PLAINTIFF'S INDIVIDUAL CLAIMS—DUSTY DOETSCH**

38. Carlton Farms hired Plaintiff in June 2018.
39. Plaintiff worked on the Harvest Floor and at least once on the Production Floor from June 2018, to October 4, 2019.
40. Other when Plaintiff was training at the beginning of his employment, Carlton Farm's time records indicate that Plaintiff was required to clock out for each rest break that he took for each shift he worked.
41. Carlton Farms did not pay Plaintiff for those rest breaks, which are compensable work time.

42. Similarly, Carlton Farms did not permit or require Plaintiff to take a full 30-minute meal period in which Plaintiff was completely relieved of all duties. As a result, Carlton Farms was required to compensate Plaintiff for the full 30 minutes of work, which Carlton Farms did not do.

43. As an example, Carlton Farms would permit or require Plaintiff to clock out for an 18-minute meal period, but would not otherwise permit ore require Plaintiff to take a full 30 minute meal period. As a result, Plaintiff is entitled to compensation for the 18 minutes he spent that was an incomplete meal period.

44. Carlton Farms failure to count and pay Plaintiff for rest periods and meal periods was a daily occurrence, resulting in upwards of 50 minutes of unpaid compensable work time each day. On days when employees worked longer shifts the unpaid and uncompensated time could be longer.

45. As a result, Plaintiff remains unpaid for all hours suffered or permitted to work.

46. The underpayment of regular wages, includes non-payment of overtime wages.

47. Carlton Farms paid Plaintiff at varying rates during his employment. In 2019, Carlton Farms paid Plaintiff $17.00 per hour.

48. On November 18, 2021, Plaintiff, through counsel sent to Defendant a Notice of unpaid wages.

49. On December 2, 2021, Defendant, through counsel, delivered a check for some of Plaintiff's unpaid wages due at termination.

50. At the time of separation, Carlton Farms willfully failed to pay plaintiff all regular wages due as well as any overtime wages due. These wages remain unpaid.

51. Plaintiff is entitled to recover unpaid wages and 1.5 times his regular rate for all overtime hours worked, liquidated damages for all overtime hours paid untimely as well as for all unpaid overtime, a state penalty for failure to pay overtime wages, a state penalty for failure to pay wages due at termination, costs, disbursements, and attorney fees. ORS 653.055; ORS 652.200; 29 USC §§ 207, 216.

## V. CLAIMS FOR RELIEF

52. Harvest and Production Floor employees incorporate all allegations in relation to their wage claims.

53. Carlton Farms' actions were willful in that defendant knew that employees were clocked out for rest periods, did not receive full meal periods, and thus were not being paid or compensated for all regular and overtime hours worked.

54. Harvest and Production Floor employees are entitled to recover unpaid regular wages, unpaid overtime wages at 1.5 times their regular rate of pay for each hour worked in excess of 40 hours per week for which defendant did not pay plaintiffs.

55. Harvest and Production Floor employees are entitled to recover liquidated damages equal to the unpaid overtime. FLSA § 216

56. Harvest and Production Floor employees are entitled to recover a state penalty for defendants' willful failure to pay overtime wages in the amount equal to 240 hours at their regular rate of pay. ORS 653.055; ORS 652.140; ORS 653.150.

57. Harvest and Production Floor employees are entitled to recover a state penalty for defendants' willful failure to pay all wages due at separation for those employees who have

separated from Carlton Farms in the amount equal to 240 hours at their regular rate of pay. ORS 652.140; ORS 653.150.

58. Plaintiffs are entitled to recover costs, disbursements, a prevailing party fee, and attorney fees. ORS 652.200; ORS 653.055; 29 USC § 216.

59. Harvest and Production Floor employees seek equitable tolling from the date of filing, December 31, 2021.

60. Harvest and Production Floor employees seek to have a collective and class action notice issued, notifying all employees of unpaid wage claims and overtime claims for work performed at Carlton Farms.

**B. *Plaintiff Doetsch's Individual Wage Claims***

61. Plaintiff incorporates all allegations in relation to their wage claims herein.

62. Defendant's actions were willful in that defendant knew Plaintiff was not compensated fully for all hours worked including incomplete meal periods and unpaid rest periods.

63. Plaintiff is entitled to recover unpaid regular wages for rest periods and meal periods for which Defendant did not compensate him as well as overtime wages when those hours exceed 40 hours per week at a rate of 1.5 times his regular rate for each hour worked in excess of 40 hours per week.

64. Plaintiff is entitled to recover all unpaid overtime wages, or unpaid wages of any kind.

65. Plaintiff is entitled to recover liquidated damages equal to all his the unpaid overtime. FLSA § 216

66. Plaintiff is entitled to recover a state penalty for defendants' willful failure to pay overtime wages and a separate state penalty for defendant's willful failure to pay plaintiff all wages

due at termination in the amount equal to 240 hours at their regular rate of pay. ORS 653.055; ORS 652.140; ORS 653.150.

67. Plaintiff is entitled to recover costs, disbursements, a prevailing party fee, and attorney fees. ORS 652.200; ORS 653.055; 29 USC § 216.

**PLAINTIFFS DEMAND A TRIAL BY JURY.**

DATED this December 31, 2021

     /s/Quinn E. Kuranz
     Quinn E. Kuranz, OSB #114375
     Of Attorney for Plaintiff